UNITED STATES, Appellee

v.

JOHN W. T. BEACH, Private First Class, U. S. Army, Appellant

2 USCMA 172, 7 CMR 48

No. 1036

Decided February 6, 1953

 █

LT. COL. George M. Thorpe, U. S. Army, LT. COL. Edgar R. Minnich, U. S. Army, and 1ST LT. Floyd V. Hull, JR., U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, and 1ST LT. Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

For the period from March to November 1951, the accused served as mail clerk of his unit, which was then located at Aschaffenburg, Germany.. It was found that during these months he had through negligence and inaction permitted some 300 assorted pieces of mail to accumulate. The postmark date on several items antedated their discovery by as much as eight months. He was tried subsequently and convicted by general court-martial, on his plea of guilty, under the following specification, alleging a violation of the Uniform Code of Military Justice, Article 134, 50 USC § 728:

"In that Private First Class John W. T. Beach, US Army, Headquarters Company, First Battalion, Eighteenth Infantry Regiment did, as unit mail clerk, at Aschaffenburg, Germany, from about 26 February 1951 to about 24 October 1951 wrongfully and negligently fail to deliver, process, and otherwise properly dispose of about 300 articles of mail entrusted to his care."

The sentence, as approved by the convening authority and affirmed by a board of review, extends to dishonorable discharge, total forfeitures and confinement at hard labor for two years. On petition by accused, this Court granted review, limited, however, to the following question:

"Whether the sentence as affirmed by the Board of Review is legal"?

Arguments relating to Federal penal statutes, possibly relevant to the offense charged here, are quite beside the mark, for it is abundantly clear that the draftsman of the specification on which accused was tried and convicted had no thought of charging an offense under any such statutes, but intended to allege the offense under one or the other of the first two clauses of Article 134 of the Code, supra. United States v. Herndon (No. 570), 4 CMR 53, decided July 17, 1952; United States v. Frantz (No. 1114), 7 CMR 37, decided this day.

Defense contends that accused cannot be punished for "obstructing" mail matter, as that offense is enumerated under Article 134, Manual for Courts-Martial, United States, 1951, Table of Maximum Punishments, paragraph 127c, page 226. We agree. "Obstructing" requires an unlawful purpose or intent, which was neither alleged nor proved in this case. See Fliashnick v. United States, 223 F 736 (CA2d Cir.). The fact that accused's conduct did—in point of fact—

**173**

result in a practical obstruction of mail is not enough in the absence of unlawful purpose. Morissette v. United States, 342 US 246, 96 L ed 288, 72 S Ct 240. That does not mean, of course, that accused did not commit an offense cognizable through Article 134, even though no offense of negligently delaying mail is specified thereunder in the Table of Maximum Punishments, supra—this for the reason that listings in the Table are not exclusive.

The initial question then is whether negligent failure to deliver mail, by one entrusted with the duty of ▆▆ doing so, may be dealt with as an offense under Article 134. We have no hesitancy in responding in the affirmative. The importance of mail deliveries is specifically recognized in the Table of Maximum Punishments, supra. The distinction between negligently failing to forward mail, on the one hand, and intentionally obstructing it, on the other, is merely one of degree—for the net result of either course is substantially the same. Failure to perform one's military duties is a recognized offense of long-standing. And where that duty relates to delivery of mail, a matter of serious—not to say overwhelming—importance to morale in an overseas area, it takes on a significance far in excess of those other duties which might aptly be described as "routine."

What then is the maximum punishment for the offense of negligently failing to deliver mail, the offense not being specifically enumerated in the Table of Maximum Punishments, supra? Paragraph 127c of the Manual, supra, states that:

"The punishment stated opposite each offense listed in the Table . . . is hereby prescribed as the maximum punishment for that offense, and for any lesser included offense if the latter is not listed, and for any offense closely related to either if not listed. If an offense not listed in the table is included in an offense which is listed and is also closely related to some other listed offense, the lesser punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment."

Turning to the Table, we find listed, as observed earlier, an offense of "obstructing" the mail. We entertain no doubt that negligent failure to deliver mail, by one whose duty it is to do so, is a lesser offense included within the former crime—so that the punishment specified for obstructing will govern here unless, possibly, within the terms of paragraph 127c, supra, this offense is also "closely related" to another listed in the Table. Defense apparently believes that it is "closely related" to "Disorderly: Under such circumstances as to bring discredit upon the military service." However, we confidently view this offense as quite different from, rather than "closely related" to, that alleged here. By its very nature, "Disorderly" connotes, on its face, a type of conduct essentially unlike the merely negligent failure charged against accused. But, looking elsewhere in the Table, we find included under Article 92 of the Code, supra, an offense of "Being derelict in the performance of duties," for which the maximum punishment has been set at confinement for three months and forfeiture of two-thirds' pay for three months. Table of Maximum Punishments, supra, page 221. The "Discussion" of that offense in paragraph 171c of the Manual, supra, makes it plain beyond cavil that it applies to a military person who "negligently fails to perform" his assigned duties. That it is "closely related" to the offense of which this accused stands convicted is perfectly clear. Therefore, in accordance with the unequivocal direction of paragraph 127c of the Manual, supra, that the lesser punishment shall prevail where an offense is both included within and "closely related" to offenses listed in the Table of Maximum Punishments, we conclude that the sentence provided for the offense denounced by Article 92 must govern in this case.

Accordingly, the sentence, as affirmed by the board of review, is illegal to the

174

extent that it exceeds confinement for three months and forfeiture of two-thirds' pay for three months. The record is therefore remanded to The Judge Advocate General, United States Army, for reference to the board of review for further action not inconsistent with this opinion.

Chief Judge QUINN and Judge LATIMER concur.