# UNITED STATES

### v.

**Specialist Four Alan B. ALLEN, 295–54–9029, U. S. Army, 9th Adjutant General Company, 9th Infantry Division, Fort Lewis, Washington 98433.**

### CM 433399.

U. S. Army Court of Military Review.

Sentence Adjudged 12 May 1975.

Decided 10 Feb. 1976.

Appellate Counsel for the Accused: CPT Michael P. La Haye, JAGC; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC.

Appellate Counsel for the United States: CPT John F. DePue, JAGC; CPT Allan A. Toomey, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted, pursuant to his pleas, of two instances of soliciting graft and two of accepting graft, all in violation of Article 134, Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 934. His approved sentence is set out above, and we have the case for review from The Judge Advocate General of the Army pursuant to Article 69, U.C.M.J., 10 U.S.C. § 869.

Appellant contends that the specifications alleging acceptance of graft fail to state an offense because they contain no words of criminality such as the phrase "wrongfully and unlawfully" which is contained in the sample specification for this offense in Appendix 6c, Manual for Courts-Martial, United States, 1969 (Revised edition) (M.C.M. 1969 (Rev.)). Appellant correctly notes that this Court has consistently required some allegation of wrongfulness in specifications laid under Article 134, U.C.M.J., citing *United States v. Hunotte*, 50 C.M.R. 755 (A.C.M.R.1975). However, in *Hunotte* a timely objection to the specification was made at trial; here appellant pled guilty and the issue of insufficiency was not raised until the case was reviewed in the Office of The Judge Advocate General pursuant to Article 69, U.C.M.J., *supra*. We treat it, therefore, as one raised for the first time on appeal and affirm.

█ It is clear in military practice that the test for the sufficiency of allegations in a specification is less rigorous when the first attack is made on appeal. *United States v. Phillips*, 7 U.S.C.M.A. 737, 23 C.M.R. 201 (1957). In such cases, ambiguities or assertedly missing elements of the offense may be rectified by construing *the specification involved.* [Emphasis supplied.] *United States v. Sell*, 3 U.S.C.M.A. 202, 11 C.M.R. 202 (1953); *Phillips, supra*; *United States v. Edell*, 49 C.M.R. 65 (A.C.M.R.1974).

The missing element here cannot be supplied by construing the language of the specifications. They fully state every factual element of the offense with which appellant was charged, but do not contain even any word such as "lascivious" which has been held to import criminality when read with consistent factual allegations. *United States v. Gaskin*, 12 U.S.C.M.A. 419, 31 C.M.R. 5 (1961). Nevertheless, *Gaskin* is important to our consideration here because the Court of Military Appeals found that the effect of the use of the word "lascivious" was to exclude ". . . any possibility that the accused's behavior was accidental or that the conduct charged could reasonably be interpreted as innocent." *Id.,* 31 C.M.R. at 7. Thus, where there is no question of the sufficiency of the factual averments in a specification to permit an adequate defense and to preclude a second trial on the same charges, the considerations in *Gaskin* state the test for legal sufficiency of a specification.

█ Ordinarily, these considerations are subsumed by the phrase "wrongfully and unlawfully," *United States v. Sadinsky*, 14 U.S.C.M.A. 563, 34 C.M.R. 343 (1964), but it would elevate form over substance to say that the absence of the phrase was fatal even though the considerations were present. In modern military and civilian

practice formal defects in pleadings which are not prejudicial ". . . will be disregarded." *Sell, supra*, 11 C.M.R. at 206.

■ We find that the detail and nature of the acts alleged here are sufficient to preclude the possibilities that the receipt of money recited thereby was either accidental or innocent. Accidental receipt is excluded by the phrase "as compensation for services . . . ." Innocence is excluded by the circumstance that there is no way a soldier may lawfully receive compensation for the actions described. Further, the actions described interfere with the orderly, fair rotation of personnel and are patently to the prejudice of good order and discipline, a consequence that need not be alleged but which is established by the plea of guilty.

Thus, the specifications challenged state sets of facts which cannot be other than criminal conduct. Words of criminality would be as superfluous here as they would be in the sample specification alleging gambling with a subordinate, Appendix 6*c*, M.C.M. 1969 (Rev.) (Form 153); both types of conduct are unlawful *per se*. We hold that the specifications are sufficient "to withstand a broadside charge that they do not state an offense" where that charge is raised for the first time on appeal. *Sell, supra*.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE and Judge DONAHUE concur.