UNITED STATES, Appellee,

v.

Airman First Class Maynard L. LYNCH
U. S. Air Force, Appellant.

UNITED STATES, Appellee,

v.

Airman Basic Joseph P. JACOBS U. S.
Air Force, Appellant.

No. 36739.

ACM 22389.

No. 37736.

ACM 524675.

U. S. Court of Military Appeals.

Aug. 2, 1982.

Opinion of the Court

FLETCHER, Judge:

The common issue granted for review in these cases (6 M.J. 168; 8 M.J. 48) is the lawfulness of the pretrial confinement procedure provided in paragraph 3–25, Air Force Manual 111–1 (C 2, October 8, 1976). This provision states:

> 3–25. *Hearings on Pretrial Confinement.* A person subject to military law may be temporarily confined pending a formal determination as to whether continued pretrial confinement is warranted. *That determination may be made only by an officer acting as a neutral and detached magistrate, who is empowered and has the duty to determine impartially whether the person should remain in pretrial confinement as provided by paragraph 20c, MCM, 1969 (Rev.).*

(Emphasis added.)

The particular provision under attack adds:

> b. Except as provided below, the determination is made by the officer exercising Air Force special court-martial jurisdiction over persons at the place of confinement. He may hold the hearing personally or may designate a staff judge advocate to do so, in which case the staff judge advocate makes a recommendation to him within 24 hours of the hearing, with a summary of the hearing.

In each of the cases before us, the officer exercising special court-martial jurisdiction ordered the continued pretrial confinement of appellant. He did so on the basis of his staff judge advocate's report of a hearing held on the pretrial confinement questions and the latter's recommendation.

The first question confronting this Court is whether it is proper for the staff judge advocate to conduct the pretrial confinement hearing and submit a report of this hearing and his recommendation to the officer making the confinement decision. The United States Air Force Court of Military Review, without stating its reasoning, approved such a procedure in *United States v. Williams,* 2 M.J. 275 (A.F.C.M.R.1976). The

For Appellant (Lynch): *Captain Patrick A. Tucker* (argued and reargued); *Colonel B. Ellis Phillips* (on brief); *Colonel Larry G. Stephens, Colonel George R. Stevens.*

For Appellee (Lynch): *Captain James R. Van Orsdol* (argued); *Major Robert T. Mounts* (reargued); *Colonel Julius C. Ullerich, Jr.,* (on brief); *Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston.*

For Appellant (Jacobs): *Captain Patrick A. Tucker* (argued); *Colonel Larry G. Stephens* (on brief); *Colonel George R. Stevens.*

For Appellee (Jacobs): *Major Robert T. Mounts* (argued); *Colonel James P. Porter, Captain James R. Van Orsdol* (on brief); *Lieutenant Colonel Bruce R. Houston.*

Government, more particularly, argues that this procedure is legally sufficient and proper in light of the limited need for fact finding and determinations of credibility in such hearings. *See Gerstein v. Pugh*, 420 U.S. 103, 120–23, 95 S.Ct. 854, 866–67, 43 L.Ed.2d 54 (1975). *Cf. Holiday v. Johnston*, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). In particular, the Government relies heavily on the following language in *Gerstein v. Pugh, supra* 420 U.S. at 123, 95 S.Ct. at 867, to support this purported two-step procedure:

> Although we conclude that the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole. While we limit our holding to the precise requirement of the Fourth Amendment, we recognize the desirability of flexibility and experimentation by the States.

Additionally, it asserts that a staff judge advocate cannot be considered disqualified to conduct the hearing simply because of the nature of his legal duties for the command. *See* Article 6(b), Uniform Code of Military Justice, 10 U.S.C. § 806(b).

We agree that flexibility should be initially permitted as to the mechanics of the pretrial confinement hearing.[1] *See generally* Chapter 16, AR 27–10 (C 17, 15 Aug 1977); SECNAVINST. 1640.10 (Aug. 1978); Part 202, Coast Guard Manual CG–488 (1977). Yet, such flexibility in procedure cannot be permitted to undermine the minimum constitutional requirement for such a hearing, namely "the detached judgment of a neutral magistrate." *Gerstein v. Pugh, supra* at 114, 95 S.Ct. at 863. *See Courtney v. Williams*, 1 M.J. 267 (C.M.A. 1976). Regardless of the procedural mechanism employed to assist the magistrate in his decision, it cannot alter his status as "someone independent of police and prosecution." *Gerstein v. Pugh, supra* 420 U.S. at 118, 95 S.Ct. at 865.

In *United States v. Hardin*, 7 M.J. 399 (C.M.A.1979), a majority of the Court reasoned that under the Code, the pretrial obligations of the staff judge advocate place him in the posture of a prosecutor. *See United States v. Smith*, 13 U.S.C.M.A. 553, 557–58, 33 C.M.R. 85, 89–90 (1963); *United States v. Hayes*, 7 U.S.C.M.A. 477, 480, 22 C.M.R. 267, 270 (1957). In this sense, he is inextricably linked to the command function of policing and law enforcement in the military community. Such an institutional position is inconsistent with the neutrality and detachment required for the decision of a pretrial confinement magistrate. *See Gerstein v. Pugh, supra* 420 U.S. at 117 n. 19, 95 S.Ct. at 865 n. 19; *United States v. Malia*, 6 M.J. 65 (C.M.A. 1978). Accordingly, a magistrate's decision based upon the advice of such a person cannot realistically be considered neutral and detached. *See United States v. Payne*, 3 M.J. 354, 355 n. 6 (C.M.A.1977).

The second question we address is whether it was proper for the officer exercising special court-martial jurisdiction to make the pretrial confinement decision in these cases. *See United States v. Malia, supra*. Again, the critical requirement is that he be neutral and detached. *Courtney v. Williams, supra*.

In *United States v. Malia, supra* at 66, this Court stated that "[a] magistrate by definition is a judge." This was said in contradistinction to a commanding officer who was admittedly predisposed in his pretrial confinement decision to a particular interest of law enforcement within his command. While such a commitment is understandable, it is not the constitutionally required attitude of a magistrate who must be neutral and detached, as a judge, in his pretrial confinement decision.[2] A com-

---

1. *See generally* Owen, *A Hard Look at The Military Magistrate Pretrial Confinement Hearing; Gerstein and Courtney Revisited*, 88 Mil.L. Rev. 3, 33–40 (1980).

2. *Id.* at 33–40.

manding officer who refers cases to courts-martial must be considered similarly disqualified as a matter of law. *See United States v. Hardin, supra.*

■ In light of *Gerstein v. Pugh, supra,* we believe the following persons authorized by the Code to confine are constitutionally qualified as a judicial officer[3] to make the pretrial confinement decision:

First, a military judge constituted as such within the meaning of Article 26, UCMJ, 10 U.S.C. § 826.

Second, a military magistrate empowered by service regulations and untainted by and unconnected with the court-martial referral process.

Third, any other person authorized by the Code to confine who is not directly or particularly involved in the command's law enforcement function. *See United States v. Ezell,* 6 M.J. 307, 326–30 (C.M.A.1979) (Fletcher, C.J., concurring).[4]

■ We have not perceived from the records coming to this Court actual instances where the Air Force procedure has operated unfairly. Therefore, we apply our decision in this case prospectively to hearings on pretrial confinement conducted subsequent to the issuance of our mandate and cases on granted petitions pending before this Court.

We find the pretrial confinement ordered by the officer exercising special court-martial jurisdiction in both these cases was unlawful. The decisions of the United States Air Force Court of Military Review are affirmed in all respects except that each

"appellant will be credited with time served" for the period of his unlawful pretrial confinement. *See United States v. Malia, supra* at 68.

EVERETT, Chief Judge (concurring):

I concur fully with the principal opinion's conclusion that the Air Force procedure for hearings on pretrial confinement—although it does not appear to have operated unfairly—cannot be reconciled with the constitutional requirement that "the detached judgment of a neutral magistrate" must determine whether an accused remains in pretrial confinement. *See Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975).

In many instances, the officer exercising special court-martial jurisdiction will ultimately be called upon to make the decision whether charges concerning the offenses for which an accused is confined should be referred for trial by special court-martial. On occasion he may determine whether that court-martial will be empowered to adjudge a bad-conduct discharge. *See* paras. 33*k* and 7, Manual for Courts-Martial, United States, .969 (Revised edition).[1] Also, since the Air Force makes rare use of the summary court-martial, I assume that many responsibilities assigned by paragraph 33 of the Manual for Courts-Martial to "the officer exercising summary court-martial jurisdiction over the accused" are instead performed by the officer who convenes special courts-martial at an Air Force Base.[2]

---

**3.** ABA Standards, Pretrial Confinement (Approved Draft 1968) (2d Approved Draft 1978).

**4.** Contrary to the implication of the dissenting opinion, we recognize that due to military exigencies none of the above-mentioned persons may be available to conduct the required pretrial confinement hearing. In these cases, the convening authority and his staff judge advocate as a matter of military necessity can perform this function. *See United States v. Ezell,* 6 M.J. 307, 330 (C.M.A.1979) (Fletcher, C. J., concurring).

**1.** Paragraph 7, Manual for Courts-Martial United States, 1969 (Revised edition), provides that "[t]he convening authority, when he deems it appropriate, may direct that a [court] reporter

not be used in special courts-martial." When a convening authority does so, "[a] bad-conduct discharge may not be adjudged... [because] a complete record of the proceedings and testimony... [will not have] been made." Article 19, Uniform Code of Military Justice, 10 U.S.C. § 819.

**2.** Although, like other commanders, an officer exercising special court-martial jurisdiction may authorize searches and seizures on probable cause, his power in that regard does not exist because he is a "magistrate," *see United States v. Stuckey,* 10 M.J. 347 (C.M.A.1981) (Everett, C. J.); therefore, the existence of such authority provides no precedent for his serving as a "magistrate" in matters of pretrial confinement.

While the staff judge advocate of a commander who exercises special court-martial jurisdiction is not subject to the explicit responsibilities imposed on the staff judge advocate of an officer exercising general court-martial jurisdiction, *see, e.g.*, Article 34(a), Uniform Code of Military Justice, 10 U.S.C. § 834(a); paras. 30*d* and 35*b*, Manual, *supra*, certainly the Uniform Code contemplates that he and the convening authority will be in close communication. *See* Article 6(b), UCMJ, 10 U.S.C. § 806(b). Thus, typically he will be so closely related to the decisions made by the officer exercising special court-martial jurisdiction that he, too, could not qualify as a neutral and detached magistrate if the decision on pretrial confinement were his alone to make.

Consistent with the Supreme Court's approval of flexibility in *Gerstein v. Pugh, supra*, there are several ways to meet the constitutional requirements. Certainly a military magistrate or military judge[3] can be used for this purpose—as has been done in the other Services; but that is not necessarily the only solution. The *sine qua non* is that the person who decides whether an accused remains in pretrial confinement not be someone who is involved in deciding in what court, if any, the accused should be prosecuted and on what charges.

COOK, Judge (dissenting):

I could rest my dissent on the separate opinions that I filed in *Courtney v. Williams*, 1 M.J. 267, 272 (C.M.A.1976), *Phillippy v. McLucas*, 23 U.S.C.M.A. 709, 710, 50 C.M.R. 915, 916 (1975), and *Porter v. Richardson*, 23 U.S.C.M.A. 704, 50 C.M.R. 910 (1975). However, today the majority go beyond those cases to hold that a convening authority and his staff judge advocate are inherently disqualified to conduct a hearing to determine whether an accused should be placed in pretrial confinement.

Only two years ago, the Court held that the normal command responsibilities of a commanding officer do not of themselves, inculcate in him a state of mind antithetical to the requirement of impartiality and neutrality for authorization of a search. *United States v. Ezell*, 6 M.J. 307, 330 (C.M.A. 1979). The Court reaffirmed that view in *United States v. Middleton*, 10 M.J. 123 (C.M.A.1981). I discern no justification for a different rule when the commander exercises his authority under Article 9, Uniform Code of Military Justice, 10 U.S.C. § 809, to determine that an accused should be in pretrial confinement.

Earlier, I expressed my disagreement with the perception of the pretrial functions of the staff judge advocate as prosecutorial in nature. *See* my separate opinions in *United States v. Hardin*, 7 M.J. 399, 405 (C.M.A.1979); *United States v. Cansdale*, 7 M.J. 143, 149 (C.M.A.1979); *United States v. M_lia*, 6 M.J. 65, 68 (C.M.A.1978). I adhere to that view, and disagree with the present declaration that the staff judge advocate is *per se* disqualified from acting as a hearing officer at a pretrial detention proceeding.

Lastly, I reject the implication in the principal opinion that the Air Force must conform its pretrial detention proceedings with those of the other services because the latter appeals more to the Court. The Uniform Code does not mandate a particular proceeding; the Manual for Courts-Martial does not mandate a particular proceeding; and I am certain the Constitution does not require a particular proceeding. *See United States v. Hoesing*, 5 M.J. 355 (C.M.A. 1978).

To accept the basic premise of the majority would lead to the conclusion that the staff judge advocate is disqualified to produce the post-trial review since he would, in effect, be "called upon to condemn or countenance ... [his] own workmanship." *United States v. Renton*, 8 U.S.C.M.A. 697, 701, 25 C.M.R. 201, 205 (1958). Similar rea-

---

**3.** Obviously, there is concern that by conducting a hearing on pretrial confinement a military judge disqualifies himself to try a case. However, up to now our Court has denied review of all claims that a military judge was disqualified to try a case because he had ruled that the accused should be continued in pretrial confinement. *See, e.g., United States v. Spearman*, 13 M.J. 226 (C.M.R.1982); *United States v. Weber*, 13 M.J. 226 (C.M.R.1982).

soning would also disqualify the convening or supervisory authority from taking action on the case. Yet both of these functions are *required* by the Code. *See* Articles 60 and 61, UCMJ, 10 U.S.C. §§ 860 and 861, respectively. To me the Articles establish a Congressional recognition of the ability of these officers to perform both prosecutorial and judicial functions, as required, in the pretrial processing of charges. *See* H.R. Rep. No. 491, 81st Cong., 1st Sess. at 29 (1949); S.Rep. No. 486, 81st Cong., 1st Sess. at 26 (1949). I find no inherent illegality in allowing the officer who must make the final decision that there is probable cause to refer charges to trial to also decide that there is probable cause to retain the accused in pretrial confinement. *See Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *United States v. Roberts*, 7 U.S. C.M.A. 322, 22 C.M.R. 112 (1956). These determinations are both judicial decisions, though only the former is specifically recognized by the Code. Instead the majority rejects the Air Force procedure without any finding of unfairness and adopts a concept that is diametrically opposed to the overall intention of Congress to retain the commander as an integral part of the military disciplinary system. In so doing, they are taking yet another step away from the basic premise that underlies our own enabling statute—the Uniform Code of Military Justice.

I would affirm the decision of the United States Air Force Court of Military Review.