**UNITED STATES**

v.

**Airman Basic Mark K. JONES, FR 213-62–8695, United States Air Force.**

**ACM 23538.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 March 1982.

Decided 14 Oct. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

In January 1982, the accused was administered nonjudicial punishment for wrongful possession of cocaine and wrongful transfer of marijuana which occurred in December, 1981. He blamed Special Agent Cline of the Office of Special Investigations (OSI) for his predicament and this anger resulted in the accused communicating, in December 1981 and January 1982, threats to kill Cline. To this end the accused enlisted the assistance of Airman Alexander, who unbeknown to him was an informant for the OSI. Alexander introduced the accused to Special Agent Gibson who posed as a "hit man" willing to kill Cline. Alexander, the accused and Gibson met on 9 January and after some discussion Gibson agreed to kill Cline for $500.00, $300.00 to be paid then and the remaining $200 after completion. On 15 January the accused, Alexander and Gibson again met and the accused was shown a fake photo of Cline's body riddled with bullet holes. The accused was described by Gibson as "ecstatic" with the result and indicated it was "worth every penny." The remaining $200.00 was then given to Gibson. The meetings of 9 and 15 January were monitored by the OSI and recorded on video tape.

The accused was convicted, contrary to his pleas, of two allegations of communicating a threat and wrongfully soliciting another to commit murder, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a dishonorable discharge,

confinement at hard labor for four years and six months, and forfeiture of $367.00 per month for 54 months.

Initially, the accused contends that the video tapes should not have been admitted into evidence as the proper authorization had not been obtained. We disagree.

█ A court order is not required for consensual interceptions. Written approval is given by the Secretary of the military department or a designee. However, the approval authority may not be delegated to an official below the level of Assistant Secretary or assistant to the Secretary of a military department. 43 C.F.R. section 42.-7(2)(i)(b) (1978). The Secretary of the Air Force has delegated approval authority to the General Counsel of the Air Force. Air Force Regulation 124–18 (31 October 1978), Technical Surveillance Activities for Law Enforcement Purposes, para 5(a). Delegation of approval authority to the General Counsel, or Deputy General Counsel in the former's absence, was proper as each occupied a position justifying the delegation. See Air Force Pamphlet 110–3 (C2) (17 May 1976) Civil Law, fig. 2–1.

█ On 30 December 1981, written approval for a consensual intercept of an oral communication was obtained from "Stuart R. Reichart, Acting General Counsel." We take judicial notice that on 30 December 1981, Stuart R. Reichart was the Deputy General Counsel of the Air Force and empowered to act as General Counsel in the latter's absence. See Mil.R.Evid. 201(b). The video tapes were properly admitted.

The accused next argues that the allegation that he solicited Special Agent Gibson to murder Cline (Specification 1 of the Charge) does not state an offense as it fails to set forth the specific event which constitutes the alleged solicitation. In his view the Government's failure to conform with the model specification set out in Appendix 6c, page A6–26, Manual for Courts-Martial, United States 1969 (Rev.), is tantamount to a nonwaivable jurisdictional defect.

█ We disagree. Merely completing the blanks in a particular suggested form set out in the Manual for Courts-Martial does not guarantee a legally unassailable charge. *United States v. Strand*, 6 U.S.C. M.A. 297, 20 C.M.R. 13 (1955). However, the converse is also true that the failure to follow a model specification is not determinative of whether a specification states an offense. *United States v. Spigner*, 16 C.M.R. 604 (A.F.B.R.1954). Further, when attacking a specification for the first time on appeal the accused must do more than contend it is inartfully or loosely drawn. He must show it is lacking in one or more of the essential elements of the offense. *United States v. Mamaluy*, 10 U.S.C.M.A. 102, 27 C.M.R. 176 (1959); *United States v. Allen*, 2 M.J. 506 (A.C.M.R.1976).

█ The specification before us is sufficiently worded to apprise the accused of what he must defend against, clearly defines the criminality involved, and totally protects him against a second trial for the same offense. The accused was not misled at trial as he did not request the specification be amended. See para. 69*b*(1), MCM 1969 (Rev.). Accordingly, we find that the specification states an offense.

The accused also maintains there is insufficient evidence to establish that he communicated to Airman Routhier a threat to kill Special Agent Cline (Specification 2 of the Charge). The record established that the accused approached Routhier and inquired if the latter "... wanted to put a *contract* out on (Cline)." Emphasis added. The accused added it "... would cost a lot." At trial and again on appeal the accused contends his conversation was mere braggadocio or idle banter, and was not taken seriously by Routhier.

██ We will take judicial notice that the term "contract" in the context used by the accused refers to hiring someone to kill Cline. *People v. Heideman*, 58 Cal.App.3d 321, 130 Cal.Rptr. 349 (Cal.App.1976). Our reading of the record convinces us the accused was not jesting or indulging in idle conversation when he communicated to Routhier his intentions toward Cline. The circumstances surrounding the uttering of

the words must be considered. *United States v. Johnson,* 21 U.S.C.M.A. 279, 45 C.M.R. 53 (1972). We are convinced beyond a reasonable doubt of the accused's guilt. *See United States v. Wall,* 13 M.J. 964 (A.F.C.M.R.1982).

Pursuant to *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), an administrative credit for unlawful pretrial confinement is ordered. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982). The remaining assigned errors have been considered and are resolved adversely to the accused. For the reasons heretofore stated the findings of guilty and the sentence are

AFFIRMED.

Judge MILLER concurs.

HEMINGWAY, Senior Judge, absent.