## UNITED STATES

v.

**Airman First Class Larry D. WALL, FR 565–35–0211 United States Air Force.**

### ACM 23567.

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 Feb. 1982.

Decided 19 Nov. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

DECISION EN BANC.

HEMINGWAY, Senior Judge:

Contrary to his pleas, the accused was convicted of damaging government property, aggravated assault, wrongfully discharging a firearm under circumstances so as to endanger human life, desertion, and escape from confinement, in violation of Articles 108, 128, 134, 85 and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 928, 934, 885, 895. The sentence extends to a bad conduct discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to airman basic.

On 19 October 1982, the Court ordered, on its own motion, that this case be heard En Banc. Rule 18 a, Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXXV. The following issue was specified:

IN LIGHT OF *UNITED STATES v. LYNCH,* 13 M.J. 394 (C.M.A.1982), CAN THE ACCUSED BE FOUND GUILTY OF THE OFFENSE OF ESCAPE FROM LAWFUL CONFINEMENT SET FORTH IN THE SPECIFICATION OF ADDITIONAL CHARGE II?

■ The facts are uncomplicated. On 3 December 1980, the accused escaped from pretrial confinement imposed pursuant to then-existing procedures. *See Courtney v. Williams,* 1 M.J. 267 (C.M.A.1976). While at breakfast the accused was permitted to use the restroom. At that time, he took advantage of his guard's inattention and fled.

In *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), the Court of Military Appeals held the Fourth Amendment required that pretrial confinement decisions be made by a neutral and detached magistrate. Accordingly, pretrial confinement decisions made by a commander exercising special court-martial convening authority or based upon the advice of the staff judge advocate were *unlawful.* This decision did not announce a simple change in administrative procedures, as the dissent suggests. It announced a rule of law of constitutional dimensions. The Supreme Court has clearly stated decisions construing the Fourth Amendment must be applied retroactively to all convictions not final at the time such decisions are rendered. *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982).

In *United States v. Gray,* 6 U.S.C.M.A. 615, 20 C.M.R. 331 (1956), the court held that a person cannot be convicted of escape from confinement if such confinement was illegal. We applied this principle in *United States v. Layton,* ACM 23450 (unpublished) (A.F.C.M.R.1982), in view of the holdings in *United States v. Lynch, supra,* and *United States v. Johnson, supra.* The Court of Military Appeals did not characterize Air Force pretrial confinement imposed under procedures followed herein as improper or irregular but as *unlawful. United States v. Lynch, supra* at 397. Faced with the clear, unequivocal language used in *Lynch,* we find no logic in suggesting we can grant administrative credit for *unlawful* confinement while holding, in the same case, that the confinement was *lawful* for purposes of escape therefrom. The Specification of Additional Charge II is, therefore, set aside and ordered dismissed.

Government counsel have expressed concern over perceived dangers resulting from the *Layton* decision, stating that "as we read that opinion, it condones any crime reasonably necessary by an illegally confined prisoner to effect his escape." It is apparent to us that counsel have misread the plain language of that decision. There, as here, our decision dismissing the escape from confinement should not be read as justifying escape or condoning crimes committed effecting an escape. *See United States v. Lewis,* 7 M.J. 348 (C.M.A.1979). We are not setting aside the accused's conviction for escape from confinement because we want to but because we are compelled to do so by the government's violation of constitutional principle in the conduct of the accused's case.

## II

The aggravated assault specification is worded (Specification of Charge II):

> In that Airman First Class Larry D. Wall, ... did ... commit an assault upon, Sergeant Brian A. Gardner, by shooting at the dwelling house, then occupied by the said Sergeant Brian A. Gardner, with a dangerous weapon, to wit: a pistol.

The accused contends that the specification fails to state an offense in that it does not allege that Gardner was physically in the house as opposed to being in legal possession. The accused also maintains the specification fails to state he knew the victim was in the house when the shots were fired.

■ This assertion of error can be briefly resolved. When determining whether a specification is sufficient, the words and phrases used must be given their ordinary meaning. *United States v. Brandt,* 22 C.M.R. 929 (A.F.C.M.R.1956). Awkward or inartful expressions in a specification can be clarified by motion before or during trial. *United States v. Steele,* 2 U.S.C.M.A. 379, 9 C.M.R. 9 (1953). Failure of the accused to move to make an arguably ambiguous specification more definite and certain during the trial waives the right to complain about the asserted ambiguity on appeal. *United States v. Brown,* 42 C.M.R. 656 (A.C.M.R.1970); *see also United States v. Goudeau,* 44 C.M.R. 438 (A.C.M.R.1971).

Defense counsel's argument at trial clearly revealed the charge to be defended against. Further, whether the accused knew Gardner was in the house is immaterial as assault with a dangerous weapon is a general intent crime. *United States v. Redding,* 14 U.S.C.M.A. 242, 34 C.M.R. 22 (1963). The gravamen of the offense of assault with a dangerous weapon is the likelihood of inflicting death or grievous bodily harm. *United States v. Forrest,* 18 C.M.R. 749 (A.F.B.R.1955); *pet. denied* 18 C.M.R. 333 (C.M.A.1955). Firing a pistol into an inhabited dwelling clearly meets this definition. In sum, the record contains overwhelming proof of guilt as to the offenses charged.

### III

■ After the accused had been arrested as a deserter by federal agents he was found to possess several false identification documents. The accused urges that the military judge erred in not suppressing these items as the search that disclosed them was unlawful.

We disagree. The search was incident to an apprehension which appellant counsel concede was based on probable cause. The accused's clothing may be searched for destructible evidence, i.e., false identity cards. Mil.R.Evid. 314(g)(1) and (2). Further, the discovery of the ID cards was inevitable once the accused was taken into custody. *United States v. Kozak,* 12 M.J. 389 (C.M.A. 1982); *United States v. Yandell,* 13 M.J. 616 (A.F.C.M.R.1982).

### IV

■ Pursuant to *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), an administrative credit for unlawful pretrial confinement is ordered. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982). Reassessing the sentence in light of the dismissed charge, the affirmed findings and the entire record, we find the sentence nonetheless appropriate. Accordingly, the findings of guilty, as modified herein, and the sentence are

AFFIRMED.

KASTL, Senior Judge, and CANELLOS, RAICHLE, MILLER, and SNYDER, Judges, concur.

HODGSON, Chief Judge (concurring in part and dissenting in part):

I am in complete accord with the majority opinion save that part setting aside the guilty finding of escape from confinement (Specification of Additional Charge II).

In *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982), this Court applied the *Lynch* credit retroactively. In my view the holding was wrong as it was contrary to the clear language of the *Lynch* decision. Accordingly, I dissented. Today I state my disagreement to a further expansion of the holding in *Lynch* which was limited to crediting an accused with time served in what the court termed to be "unlawful pretrial confinement." The Court of Military Appeals, while using this term, repeatedly stated that the procedures the Air Force used to create this condition were not "unfair." I do not interpret *Lynch* or *Pettersen* as creating a justification for escaping confinement because the confinement was imposed under procedures voided some 15 months after the offense. I would overrule that portion of *United States v. Layton* (A.F.C.M.R. 14 Oct 82) (Unpub.), setting aside the conviction for attempting to escape from confinement and affirm the conviction in the instant case for escaping from confinement.