**UNITED STATES**

v.

**Airman Stephen V. BROWN, FR 460–23–7594 United States Air Force.**

**ACM 23602.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 April 1982.

Decided 3 Dec. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

The paramount issue in this case concerns the accused's attempted kidnapping conviction which arose from his relationship with the wife of a fellow service member.[1]

### I

The accused and Mrs. G began dating during the summer of 1980, after she and

---

1. Pursuant to mixed pleas, the accused was convicted of absence without leave, aggravated assault, assault and battery, housebreaking, breach of restriction, communicating a threat, attempted kidnapping, multiple larcenies, and destruction of military property, in violation of Articles 86, 128, 130, 134, 80, 95, 121, and 108, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 928, 930, 934, 880, 895, 921, 908. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 30 months, forfeiture of $367.00, and reduction to airman basic.

her husband separated. In August 1981, Mrs. G and her husband reconciled and she no longer dated the accused. This did not terminate the accused's affection for Mrs. G or alter his desire that their relationship continue. Eventually his actions with her resulted in a guilty plea to aggravated assault, assault and battery, housebreaking, communicating a threat, and a not guilty plea to kidnapping. These and other charges discussed elsewhere in this opinion culminated in the trial now under review.

The attempted kidnapping conviction was the result of events taking place during the early morning hours of 25 January 1982, as Mrs. G was leaving for work from her on-base quarters. While she was still in the military housing area she stopped her car to allow the accused to get in, thinking he wanted a ride to work. After he indicated he wanted her to go in a different direction, she left the car and began running back into the housing area. The accused parked the car and ran after her. When he caught her they argued and he threatened to kill her and himself. He pulled an electrical cord from his pocket and began choking Mrs. G to the point where she could not talk or breathe.[2] He then stopped choking her and began to cry and apologize. The two returned to the car and left for San Bernardino, California, with the accused driving. When they arrived, the accused parked the car and the parties talked. At approximately 0830 hours, Mrs. G left the accused and called her supervisor, told him what happened, and asked for the day off. Mrs. G then returned to the accused and they checked into a motel. She stayed about five minutes and left. Mrs. G testified she was not frightened of the accused after he choked her and she went to San Bernardino with him voluntarily.

Upon completion of the government's case, the accused moved for a finding of not guilty, arguing that Mrs. G accompanied him voluntarily and that no force or threats were involved. After taking additional evidence and hearing argument from both parties, the military judge stated:

The defense motion for a finding of not guilty is granted with respect to Additional Charge I, the kidnapping offense. I am satisfied that the intervening consent of [Mrs. G] to accompany the accused is an absolute defense to the Charge.

Over defense objection, the trial judge indicated he would submit the lesser included offense of attempted kidnapping to the members.

■ In military law, a motion for a finding of not guilty is similar to a motion for judgment of acquittal in federal criminal practice. Both motions require the military judge or a United States District Court Judge to consider whether the evidence would be sufficient to sustain a conviction of a *lesser offense*. *United States v. Spearman*, 23 U.S.C.M.A. 31, 48 C.M.R. 405 (1974). An attempt to commit an offense is always included in the offense charged. Article 79, Code, 10 U.S.C. § 879, *supra;* Manual for Courts-Martial, United States, 1969 (Rev.) para. 158 (hereinafter cited as MCM). Paragraph 71a, MCM, provides that a motion for a finding of not guilty will not be granted:

■f there is any evidence . . . which could reasonably tend to establish every essential element of an offense charged or *included* in any specification to which the motion is directed. (Emphasis added.)

■ The military judge erred in granting a motion for a finding of not guilty as to kidnapping, but denying it as to the lesser included offense of attempted kidnapping. This partial grant of the motion is contrary to paragraph 71a, MCM, *supra*. *United States v. Smith*, 43 C.M.R. 413 (A.C.M.R. 1970); *rev'd on other grnds*, 20 U.S.C.M.A. 589, 44 C.M.R. 19 (1971). A charge of attempt includes an intent to commit a particular offense and the commission of an act not amounting to completion of the offense, but constituting more than preparation. *United States v. Marshall*, 18 U.S.C.M.A. 426, 40 C.M.R. 138 (1969).

---

**2.** This resulted in a guilty plea to aggravated assault (Specification 1 of Charge II).

The trial counsel contended that the accused's conduct in chasing Mrs. G and later choking her established the requisite intent and went beyond mere preparation.

Paragraph 159, MCM, states:

An accused may be guilty of an attempt even though the commission of the intended offense was impossible because of unexpected intervening circumstances.....

At trial the prosecution successfully argued that Mrs. G's consent to accompany the accused was an "unexpected intervening circumstance" that prevented the kidnapping from taking place. Accordingly, the lesser included offense of attempted kidnapping was in issue. Of course, consent is a complete defense to an allegation of kidnapping. *Hattaway v. United States,* 399 F.2d 431 (5th Cir.1968); *accord United States v. Pennington,* 45 C.M.R. 846 (N.C.M. R.1971). We do not concur with the government's unusual position that an accused can still be guilty of an attempt where the putative victim voluntarily participates in the undertaking. Based upon our review of the evidence the military judge properly granted the motion for a finding of not guilty regarding the kidnapping allegation. Having done so he was precluded from submitting to the members the lesser included offense of attempted kidnapping. Accordingly, the Specification of Additional Charge I and Additional Charge I are set aside and ordered dismissed.

II

The accused urges that his conviction of escape from lawful confinement must be reversed as a matter of law. We agree. A person cannot be convicted of escape from confinement if such confinement is unlawful. *United States v. Green,* 6 U.S.C.M.A. 615, 20 C.M.R. 331 (1956). The pretrial confinement in the instant case was not imposed by a neutral and detached magistrate as mandated by *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), but by a special court-martial convening authority based on the advice of his staff judge advocate. Under these circumstances the pretrial confinement was unlawful. The Specification of Additional Charge II and Additional Charge II are set aside and ordered dismissed. *United States v. Wall,* 15 M.J. 531 (A.F.C.M.R.1982). The accused's MOTION FOR LEAVE TO FILE SUPPLEMENTAL CITATION OF AUTHORITY is GRANTED.

III

Pursuant to *United States v. Lynch, supra,* an administrative credit for unlawful pretrial confinement is ordered. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R. 1982). We approve only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for 25 months, forfeiture of $367.00, and reduction to airman basic. The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.