### UNITED STATES

v.

**Staff Sergeant Rolando M. LAGO, FR 552–13–0419 United States Air Force.**

**ACM 23626.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 June 1982.

Decided 7 Dec. 1982.

**504**

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Robert L. Kuster.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

PER CURIAM:

The accused was convicted of wrongfully and unlawfully secreting mail matter, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The sentence extends to a dishonorable discharge, two years confinement at hard labor, forfeiture of $300.00 per month for 24 months, and reduction to airman basic.

The accused, a mail clerk, was observed through a concealed television camera hiding a packet of letters in a waste basket under his work table. Later, a janitor removed the waste basket and replaced it with another. When the waste basket was retrieved from the men's room it contained 13 envelopes with treasury checks totalling in excess of $6,000.00.

Citing *United States v. Heagy,* 17 U.S.C.M.A. 492, 38 C.M.R. 290 (1968) and *United States v. Beach,* 2 U.S.C.M.A. 172, 7 C.M.R. 48 (1953), the accused contends the evidence is insufficient to show an unlawful purpose or intent on his part. For detention of mail to be a crime it must be accompanied by proof that the mail matter was detained by the accused for some unlawful purpose. *United States v. Heagy, supra; United States v. Beach, supra.* In *Heagy* and *Beach, supra,* each accused had simply fallen behind in his work as a mail clerk and had sought to conceal the mail he was not capable of processing. Under those circumstances the Court of Military Appeals held that the offense of obstructing the mail was not proved as the government established only that each accused was negligent in performing his duties.

That is not the situation here where the accused selected only those letters containing treasury checks. Circumstantial evidence can be relied upon to provide the requisite intent. *United States v. Harthorne,* 35 C.M.R. 641 (A.B.R.1965); *pet denied* 35 C.M.R. 478 (1965); *United States v. Freeman,* 8 C.M.R. 386 (A.B.R.1953); *aff'd* 4 U.S.C.M.A. 76, 15 C.M.R. 76 (1954). We are convinced beyond a reasonable doubt that the accused's actions in secreting mail matter were for an unlawful purpose. Article 66(c), *Code,* 10 U.S.C. § 866(c), *supra.*

Pursuant to *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982), an administrative credit for unlawful pretrial confinement is ordered. *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982). The remaining assigned error has been considered and is resolved adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.