### UNITED STATES

v.

**Airman Thomas G. KRONAWETTER, FR 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 United States Air Force.**

**ACM 23845.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Dec. 1982.

Decided 8 July 1983.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

### DECISION

HODGSON, Chief Judge:

In a bench trial the accused was convicted of wrongfully using cocaine, wrongfully possessing marijuana and conspiring to wrongfully possess marijuana and cocaine.[1] Pursuant to a pretrial agreement, the approved sentence extends to a dishonorable discharge, confinement at hard labor for three years, forfeiture of all pay and allowances, and reduction to airman basic.

The accused's pretrial confinement is the basis for two assignments of error. On 20 September 1982, a pretrial confinement hearing was conducted by a military magistrate who determined that continued detention was appropriate. *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982). On 12 October, 16 November, and 14 December 1982, the general court-martial convening authority, who eventually referred the case to trial, authorized an additional 30 days of confinement beyond that already served.

1. An allegation of willfully disobeying a lawful order was dismissed after arraignment by the military judge.

In their brief, appellate defense counsel tacitly concede that the initial decision to confine the accused met the conditions required by *Lynch, supra.* However, they maintain that the general court-martial convening authority's decision to *continue* that pretrial detention was unlawful as he was not "a neutral and detached magistrate." They asked for administrative credit for the time spent in pretrial confinement beyond the initial 30 days ordered by the military magistrate.

The Court of Military Appeals, mandate announced in *United States v. Lynch, supra,* was that "a neutral and detached magistrate" make the decision that pretrial detention is necessary. The *Lynch* holding does not suggest that *any* additional administrative review is required for lawfully imposed pretrial detention. The Air Force has provided an additional protection in that an accused may not be kept in pretrial confinement beyond 30 days unless the general court-martial convening authority approves it; further, each 30 day extension must also be approved by the convening authority. Air Force Regulation 125–18 (1 Feb 1980), Operation of Air Force Correction and Detention Facilities, para. 3–4b. We view this as insuring that the status of those in pretrial confinement is known to the command structure and not as additional right conferred on the accused.

 We hold that if the initial pretrial hearing officer is "a neutral and detached magistrate," this is sufficient to give the accused the constitutional safeguards mandated by *United States v. Lynch, supra.* We find nothing in *Lynch,* that requires that additional reviews of confinement status be conducted by a military magistrate.

In a collateral assignment of error the accused, citing 18 U.S.C. § 3568 and Department of Defense Instruction 1325.4, dated 7 October 1968, argues he is entitled to a one-for-one credit for all the time spent in pretrial confinement. As seen in the discussion above, the accused's pretrial detention was ordered by a military magistrate. Accordingly, the detention was lawful and he is not eligible for administrative credit. *Thomas v. United States,* 8 M.J. 504 (A.F.C.M.R.1979); *United States v. Davidson,* 14 M.J. 81, 87 n. 2 (C.M.A.1982) (Everett, C.J., concurring in the result).

The accused also directs our attention to issues raised by his trial defense counsel in the *Goode*[2] response. We have examined these issues and resolve them adversely to the accused.

The findings of guilty and the sentence are

AFFIRMED.

HEMINGWAY, Senior Judge, and MILLER, Judge, concur.

---

**2.** *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).