# UNITED STATES

v.

**Airman Basic Patrick T. SHEA, FR 335–62–2714, United States Air Force.**

**ACM 24120.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1983.

Decided 2 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY, KASTL, CANELLOS, RAICHLE, MILLER, SNYDER and O'HAIR, Appellate Military Judges, En Banc.

### DECISION

PER CURIAM:

The accused was convicted, pursuant to mixed pleas, of numerous larceny, forgery, bad check and drug offenses, and of breach of restriction, escape from custody and absence without leave. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years and total forfeitures.

On appeal, the accused assigns three issues for our consideration; a discussion of only one is necessary to resolve this case. This is, whether the accused should receive more than a day-for-day credit for the period he served in pretrial confinement. We find, on the facts of this case, that he should not, and we affirm.

The facts are not in dispute. The accused spent 97 days in pretrial confinement. At the initial hearing conducted pursuant to the mandate of *United States v. Courtney,* 1 M.J. 267 (C.M.A.1976), the appointed military magistrate "recommended" that the accused remain in pretrial confinement; the special court-martial convening authority then "concurred" and the pretrial confinement was continued.

The accused asserts that although the pretrial confinement hearing was held by a neutral and detached magistrate as required by *United States v. Courtney, supra,* the pretrial confinement was illegal because the magistrate deferred the final decision on the continuation of the pretrial confinement to the special court-martial convening authority. We agree that the pretrial confinement was improperly continued, and, as a result, a day-for-day credit for the period of pretrial confinement is ordered. *United States v. Lynch,* 13 M.J. 394 (C.M.A.1982); *United States v. Pettersen,* 14 M.J. 608 (A.F.C.M.R.1982).

In addition, the U.S. Court of Military Appeals has recently held that an accused is entitled to a day-for-day credit for all periods served in pretrial confinement, even though legally imposed. *United States v. Allen,* 17 M.J. 126 (C.M.A.1984). Based on *Allen* the accused claims that in order to be fully compensated for his "illegal" pretrial confinement he should be given additional credit.

We disagree. When all or any portion of an accused's pretrial confinement is determined to be "illegal" because of a technical failing in the pretrial confinement processing,—i.e. the military magistrate was not truly independent, or the magistrate merely recommended action etc., then

the credit applicable to pretrial confinement under *United States v. Allen, supra,* is subsumed into the credit for illegal pretrial confinement under *United States v. Lynch, supra.**

We have considered the remaining assignments of error and have decided them adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

---

* We do not by this opinion intimate that an accused could never be given more than a day-for-day credit for illegal pretrial confinement.

*See generally United States v. Suzuki,* 14 M.J. 491 (C.M.A.1983).