UNITED STATES

v.

**Airman First Class Cristian C. BONNET, FR 455–51–7102, United States Air Force.**

ACM S26180.

U.S. Air Force Court of Military Review.

Sentence Adjudged 16 Aug. 1983.

Decided 9 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Bruce T. Brown.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION

PER CURIAM:

The accused argues that simultaneous possession of marijuana (Specification 4 of Charge II) and drug paraphernalia (the Specification of Charge I) should have been considered multiplicious for sentencing purposes despite failure of the defense to object at trial.

We agree.

 Our crystal ball is cloudy indeed on the issue of multiplicity. However, we be-

---

lieve the emerging Court of Military Appeals rule is that *failure of the trial defense counsel to raise multiplicity for sentencing does not waive the issue.*

In *United States v. Acs,* 17 M.J. 347 (C.M.R.1984), the Court of Military Appeals found that the military judge erroneously failed to apprise the court members that the accused was not subject to separate punishment for simultaneous possession of marijuana and drug paraphernalia.[1] The briefs filed in the case indicate the government squarely relied on the assertion that such issue was waived by the defense failure to object.[2] Despite such government assertion, the Court required reassessment.[3]

██ We believe the same result must obtain here. Accordingly, we find that the military judge erred in not treating these matters as multiplicious for sentencing—despite failure of the defense to object at trial. *See United States v. Bell,* 16 M.J. 204

(C.M.A.1983) (Appeals—Summary Dispositions).[4]

Turning to the sentence imposed, we note that the accused was found guilty of both the aforementioned possession of marijuana and drug paraphernalia and also of the offense of wrongfully distributing 13.1 grams of marijuana. Upon findings of guilty of these offenses, a special court-martial consisting of members sentenced the accused to a bad conduct discharge and reduction to airman basic. We now reassess. We note that the sentence imposed did not extend to confinement and forfeitures. Considering all the circumstances, we find the sentence entirely appropriate.

The findings of guilty and sentence are AFFIRMED.

---

1. Technically, the *Acs* case affirmed our decision below since the military judge's omission (not apprising the court members of multiplicity for sentencing) did not, under the circumstances, lead the members to impose a more severe punishment than otherwise.

2. The Government brief cited *United States v. McMaster,* 15 N.J. 525 (A.C.M.R.1983) and *United States v. DuPuis,* 10 M.J. 650 (N.C.M.R. 1980). *See also United States v. Buchholtz,* 47 C.M.R. 177, 180 (A.C.M.R.1973), *pet. denied,* 48 C.M.R. 999 (C.M.A.1973); *United States v. Choleva,* 33 C.M.R. 599 (N.B.R.1962).

3. Similarly, in *United States v. Stewart,* 17 M.J. 54 (C.M.A.1983) (Appeals—Summary Dispositions), the Court of Military Appeals found the military judge erred in considering the offenses of possession of drug abuse paraphernalia and possession of marijuana as separate for sen-

tencing. Contact with the Clerk of the Army Court of Military Review reveals that *Stewart* proceeded throughout the appellate process without a specific assignment of error; at trial, the Army trial defense counsel failed to object to multiplicity for sentencing. Despite such failure to object, the Court of Military Appeals reversed the decision as to sentence and returned the record to the Army for reassessment.

4. Our holding today squares with the fact that, where *findings* are multiplicious, the Court of Military Appeals views as plain error the failure of the trial or intermediate appellate courts to dismiss even though the defense had not complained of multipliciousness. *See United States v. Holt,* 16 M.J. 393, 394 (C.M.A.1983).