**UNITED STATES**

v.

**Airman Basic Kevin J. SMITH, FR 451–21–2566, United States Air Force.**

**ACM 24111.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1983.

Decided 23 March 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Richard A. Morgan, and Captain Marcia J. Roth, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

RAICHLE, Judge:

Pursuant to pleas of guilty, the accused was convicted of larceny, burglary, wrongful possession of marijuana, escape from custody, and absence without leave (AWOL), in violation of Articles 121, 129, 134, 95, and 86, U.C.M.J., 10 U.S.C. §§ 921, 929, 934, 895, 886. His sentence extends to a bad conduct discharge, confinement at hard labor for twelve months, and forfeiture of $382.00 per month for six months.

The accused assigns two errors for our consideration, as follows: (1) The accused is entitled to credit for the period of his pretrial confinement; and (2) Charge I and its specification (absence without authority) and Additional Charge I and its specification (escape from custody) are multiplicious for findings and sentence. We will address them in reverse order.

A recital of the facts is required to place the multiplicity issue in proper perspective. On 28 May 1983 the accused was apprehended and taken into custody on suspicion of burglarizing some barracks rooms. After being transported to the security police building, the accused slipped out the door when the person assigned to guard him turned his back. The accused departed the base and was apprehended off-base six days later by the local sheriff's department.

At trial, all parties agreed there was no issue as to multiplicity for purposes of findings or sentence. They were correct as to findings but mistaken regarding multiplicity for sentencing purposes. The Manual for Courts-Martial is clear in this instance. In discussing multiplicity for purposes of ascertaining maximum punishment, i.e., for sentence, the Manual states:

The maximum authorized punishment may be imposed for each of two or more separate offenses arising out of the same act or transaction. If one offense is included in the other, the offenses are not separate. Also, the general rule is that offenses are not separate unless each requires proof of an element not required to prove the other. For example, if an accused is convicted of escape from confinement (Art. 95) and desertion (Art. 85) which both arose out of the same act or transaction, the court may legally adjudge the maximum punishment authorized for each offense because an intent to remain permanently absent is not a necessary element of the offense of escape, and a freeing from restraint is not a necessary element of the offense of desertion; but *if,* in this example, *the accused had been convicted of absence without leave instead of desertion, he could not be separately punished for the two offenses* because absence with-

out leave does not require proof of any element not also required to prove the escape. (emphasis added).

M.C.M., 1969 (Rev.), para. 76*a* (5).

■ Given the above authority, there can be no doubt that the escape from custody and AWOL offenses were multiplicious for purposes of sentence. Furthermore, the issue was not waived by the failure to raise it at trial. *United States v. Bonnet*, 17 M.J. 968 (A.F.C.M.R.1984). Accordingly, we will reassess the sentence.

■ A different result obtains, however, with regard to multiplicity for purposes of findings. Under the rationale set forth by the Court of Military Appeals in *United States v. Dibello*, 17 M.J. 77 (C.M.A.1984), the offenses of escape from custody and AWOL are not multiplicious for findings purposes if the duration of the absence is sufficient to make the AWOL charge distinct from the escape from custody charge. The Court noted that even though the length of an absence is not an element of the offense of AWOL, it is an aggravating factor which must be proved beyond a reasonable doubt if the prosecution seeks a sentence in excess of that authorized for an absence of more than one day. The Court went on to state: "While an absence of some minimal duration is 'fairly embraced' in an allegation of breach of restriction to the prejudice of good order and discipline, one of extended length is not." (citations omitted). Finally, the Court held:

> [I]n testing for multipliciousness of findings, charge A is not included within charge B if A contains allegations of an "aggravating circumstance" which is not a necessary element of B and which is not specifically alleged in charge B.

*United States v. Dibello, supra,* at 80.

In the instant case, as in *Dibello*, the absence was of more than minimal duration. Accordingly, we find that Charge I and its specification (absence without authority) and Additional Charge I and its specification (escape from custody) were not multiplicious for purposes of findings.

■ We next address whether the accused is entitled to additional credit for any of the time he spent in pretrial confinement. The accused spent a total of 84 days in pretrial confinement. The military judge found that the accused was due a credit for 27 days of this total because of the conditions of the confinement; he ordered this credit and it was administered by the convening authority in his action. We also note that the entire period of confinement was "illegal" because the magistrate "recommended" confinement to the convening authority rather than so ordering, thus leaving the ultimate decision to confine to the convening authority. This was improper. *United States v. Shea*, 17 M.J. 966 (A.F.C.M.R.1984).

The facts in this case embrace at least three types of pretrial confinement for which the Court of Military Appeals has ordered confinement credit in the past. The accused is entitled to credit for *all* pretrial confinement served. *United States v. Allen*, 17 M.J. 126 (C.M.A.1984). He is entitled to pretrial confinement credit for *illegal* pretrial confinement served. *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982). He is entitled to credit for the time served under *illegal conditions* violating Article 13, U.C.M.J. *United States v. Suzuki*, 14 M.J. 491 (C.M.A.1983); *United States v. Larner*, 1 M.J. 371 (C.M.A.1976).

The question then arises as to how, if at all, these credits interact. We have previously held that "the credit applicable to pretrial confinement under *Allen, supra,* is subsumed into the credit for illegal pretrial confinement under *Lynch, supra.*" *United States v. Shea, supra.* The question remaining is whether the credit for illegal conditions of confinement is also subsumed. We hold that it is not.

Accordingly, in addition to the 27 day credit already ordered by the convening authority, a credit for the total number of days of illegal pretrial confinement under *United States v. Lynch, supra,* is ordered since the accused is still in confinement. *See United States v. Bruce*, 17 M.J. 1083 (A.F.C.M.R.1984).

We have reassessed the sentence taking into consideration our finding that the escape from custody charge and AWOL charge are multiplicious for sentencing purposes. We find the sentence nevertheless appropriate.

The findings of guilty and the sentence are

AFFIRMED.

KASTL, Senior Judge, and CANELLOS, Judge, concur.