UNITED STATES

v.

**Airman Basic Nathan SNYDER, II, FR 553–55–6147 United States Air Force.**

**ACM S26265.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 July 1983.
Decided 29 June 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

O'HAIR, Judge:

Contrary to his pleas, the accused was convicted by special court-martial of two

assaults consummated by batteries in violation of Article 128 of the Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 928 and of being drunk and disorderly in station, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934.* The approved sentence consists of a bad conduct discharge and confinement at hard labor for two months. At the time of the review, appellant had completed the term of confinement.

Appellate defense counsel have submitted five assignments of error. After careful consideration, we have resolved two of the assignments adversely to the accused. The remaining three assignments merit discussion.

## I

### THE APPELLANT'S 30 DAYS OF PRETRIAL CONFINEMENT WAS (SIC) UN-LAWFUL.

The appellant was placed in pretrial confinement at Holloman AFB, New Mexico, pursuant to the order of the Base Commander. A military magistrate conducted a pretrial confinement hearing, and in his letter to the Base Commander, the magistrate "recommended" the appellant be continued in confinement pending trial. The appellant served a total of 30 days in pretrial confinement.

 Although the magistrate complied fully with the stated requirements of Air Force Manual 111–1, Military Justice Guide, 2 July 1973, paragraph 3–25 (IMC 82–9), the law is clear that to merely "recommend" is enough to render the pretrial confinement illegal. *United States v. Shea*, 17 M.J. 966 (A.F.C.M.R.1984); *United States v. Pettersen*, 14 M.J. 608 (A.F.C.M.R.1982); and *United States v. Lynch*, 13 M.J. 394 (C.M.A.1982).

 When, as here, the pretrial confinement is unlawful, the remedy is administrative credit for the period of time served in pretrial confinement. *United States v. Bruce*, 17 M.J. 1083 (A.F.C.M.R.1984). We

recognize that the appellant has already served the approved sentence to confinement; however, by granting him administrative credit for the period of his pretrial confinement, he will receive certain ancillary benefits. *Bruce, supra;* 10 U.S.C. 972(3).

## II

### THE GOVERNMENT FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE APPELLANT WAS DRUNK.

The Manual for Courts-Martial defines "drunkenness" as "any intoxication which is sufficient sensibly to impair the rational and full exercise of the mental or physical faculties." M.C.M., 1969 (Rev.), paragraph 191. Although the results of the accused's blood alcohol test (.11) were entered into evidence, the Government failed to show how these test results were probative of drunkenness, and the military judge offered no instructions to the court members on the use of such tests. As a consequence, we must critically analyze the testimony to determine if the court members could have found the appellant drunk beyond a reasonable doubt.

The bartender who served the accused testified that he knew and observed the accused. In his opinion, the accused was not drunk. This testimony was both credible and on point.

In contrast, apart from casual testimony that the accused had been drinking, the only other evidence that went directly to whether the accused was drunk was given by the apprehending security policeman. This evidence is unconvincing at best:

Q: (direct) Other than an odor of alcohol, did you notice anything else about his personal behavior?

A: It was a little uncoordinated, as far as walking from the vehicle to the office. Inside the the (sic) office he was

* The accused was found not guilty of Specification 1 of Charge II which alleged the communi-

cation of a threat.

much the same, just kind of slow. He didn't say anything at all.

Q: Did you notice anything about his speech?

A: No ma'am, he did not say anything.

 The results of the blood alcohol test, even though admitted into evidence, could not be considered by the court members without proper instructions from the trial judge. Weighing the testimony of the bartender and the apprehending security policeman, we do not find beyond a reasonable doubt that the appellant was drunk. The court's finding that the accused was drunk in station is set aside.

### III

THE ASSAULTS CHARGED IN CHARGE I ARE MULTIPLICIOUS FOR SENTENCING PURPOSES WITH THE DRUNK AND DISORDERLY OFFENSE CHARGED IN SPECIFICATION 2, CHARGE II.

The parties at trial and the trial judge failed to address the issue of multiplicity for sentencing purposes. Military law has long condemned the unreasonable multiplication of charges. *See United States v. Hughes*, 1 M.J. 346, 348 n. 3 (C.M.A.1976); *United States v. Middleton*, 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960); *United States v. Drexler*, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958). In addition, M.C.M., 1969 (Rev.), paragraph 27b states:

> One transaction or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person. A person should not be charged with both disorderly conduct and assault if the disorderly conduct consisted in making the assault . . . .

 As discussed above, the Government failed to prove that the accused was drunk beyond a reasonable doubt. This leaves only the disorderly charge which we must set aside because we find it to be multiplicious for sentencing with the assault and battery charges and also multiplicious for findings purposes. All the elements for both offenses are established by the evidence; the disorderly in station conduct is reasonably encompassed within the assault charges; and the conduct stems from one transaction or series of events. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983).

### IV

 Apart from the above noted assignments of error, this Court notes yet another error which controls the disposition of this case. If a bad conduct discharge is authorized solely because the total maximum confinement for two or more offenses is six months or more, the court members must be so advised. M.C.M., 1969 (Rev.) para. 127c, sec. B; Dept. of the Army Pamphlet 27–9, Military Judges Benchbook, para. 2–37, n. 3 (1 May 1982). This provision is applicable to the case *sub judice* but the trial judge failed to so instruct the court members. The omission of this instruction is reversible error. *United States v. Yocum*, 17 U.S.C.M.A. 270, 38 C.M.R. 68 (1967). We shall reassess the sentence in our decretal paragraph.

### V

Accordingly, the findings of guilty of Specification 2, Charge II are set aside and ordered dismissed. The findings of guilty of Specifications 1 and 2 of Charge I and only so much of the sentence as provides for confinement at hard labor for two months are affirmed. The appellant will receive 30 days administrative credit for time served in pretrial confinement.

FORAY, Senior Judge and SNYDER, Judge, concur.