**UNITED STATES**

v.

**Airman First Class Troy S. WHEAT-
CRAFT, FR 368–74–3943, United
States Air Force.**

**ACM 25360.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Feb. 1986.

Decided 4 Nov. 1986.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi, Captain Deborah J. Hudspeth and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Captain Marc Van Nuys and Captain Robert L. Marconi, USAFR.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

Appellant was convicted, in accordance with his pleas of guilty, of several drug-related offenses, all arising within a short time frame. Included were wrongful possession of marijuana, wrongful use, possession and distribution of cocaine, introduction of cocaine onto an installation with intent to distribute, and violation of a lawful general regulation by possession of drug abuse paraphernalia. His approved sentence is a bad conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to airman basic. Appellant raises a number of multiplicity issues, three of which merit discussion.

Based on the facts of this case we agree with appellant's contention that introduction of cocaine onto an installation with intent to distribute is a lesser included offense of wrongful distribution of cocaine. Introduction with intent to distribute is, therefore, multiplicious for findings with distribution. *United States v. Brown*, 19 M.J. 63 (C.M.A.1984). The evidence established that the appellant introduced a larger quantity of cocaine onto the installation than he subsequently distributed. However, it is apparent from the record that he was charged with introducing only such amount as he intended to distribute and actually distributed. The finding of guilty of Specification 5, Charge I, introduction of cocaine onto an installation with intent to distribute, is set aside and the specification is dismissed. Since the two specifications in question were treated as multiplicious for sentencing purposes at trial, reassessment of the sentence is not required as a result of this action.

Appellant urges that wrongful possession of marijuana and cocaine together with possession of drug abuse paraphernalia can constitute only one offense for sentencing purposes. *United States v. Bell*, 16 M.J. 204 (C.M.A.1983) (summary disposition); *United States v. Harris*, 18 M.J. 809 (A.F.C.M.R.1984); *United States v. Bonnet*, 17 M.J. 968 (A.F.C.M.R.1984). The items of drug abuse paraphernalia were discovered as a result of searches of two physically separated areas under appellant's control. Some items were in appel-

lant's car along with quantities of marijuana and cocaine. The remainder of the paraphernalia had been discovered in the course of an earlier search of appellant's dormitory room. Defense counsel did not raise the issue of multiplicity for sentencing purposes of the offenses at trial. Had defense counsel done so, it is conceivable that the military judge might have determined that the possession of controlled substances and paraphernalia by appellant was neither "simultaneous" nor "at the same place." *United States v. Bell, supra.*

In *United States v. Bonnet, supra,* we drew from case law regarding multiplicity for findings in suggesting a *sua sponte* obligation by military judges to identify and resolve sentencing multiplicity issues. We conclude that the military judge had no such obligation with respect to this sentence multiplicity issue. The factors bearing on a sentence multiplicity determination are such that we cannot readily say what the military judge would or should have done if he had been requested to rule in a timely manner. We decline to make an independent determination without the benefit of his first-hand insight. *Bonnet* was decided prior to the promulgation of the 1984 Manual. As we are now operating under new Manual provisions, we conclude that the issue was waived by defense counsel's failure to raise it with the military judge prior to sentencing instructions. R.C.M. 1005(f).

■ To the extent that appellant contends that wrongful possession of marijuana and cocaine should have been treated as multiplicious for sentencing, we agree. Both the facts and the case law, *United States v. Griffin,* 8 M.J. 66 (C.M.A.1979); *United States v. Hughes,* 1 M.J. 346 (C.M.A.1976), compel this conclusion. We reassess the sentence and find it nonetheless appropriate and are convinced that it is no greater than would have been adjudged if the wrongful possessions of marijuana and cocaine had been treated as one offense for sentencing at trial. We note in this regard that if these two offenses had been treated as multiplicious for sentencing purposes

the court members should have been instructed that the maximum confinement was 27 years instead of 29 years. Appellant received a sentence including considerably less than the maximum allowable confinement in any event. We note further that the staff judge advocate's recommendations to the convening authority contained the advice that the maximum punishment possible included confinement for 22 years, based upon an analysis of multiplicity considerations. We are satisfied that appellant suffered no prejudice with respect to the sentence as adjudged or as subsequently approved.

■ Although the issue has not been directly raised, we have examined the charges and specifications in light of the evidence adduced at trial and have concluded that appellant was not subjected to an unreasonable multiplication of charges in this case. *United States v. Sturdivant,* 13 M.J. 323 (C.M.A.1982).

■ We note that the record fails to reflect that the court members present at trial were identified by name and rank as required by R.C.M. 813(a)(4). In view of R.C.M. 805(b), such failure can become a material omission when viewed at the appellate level. It is the type of omission, once discovered, that might not be susceptible to an "eleventh hour" government correction. *See United States v. Perkinson,* 16 M.J. 400 (C.M.A.1983), and cases cited therein. Military judges and trial counsel are urged to be alert in insuring that the Manual requirement for an on-the-record accounting of detailed members is observed. In this case, based on our examination of the entire record, we are able to conclude that the appropriate detailed members were present throughout the trial. In so concluding we have had to rely to some extent upon logical inferences. Military judges and trial counsel would do well not to trust that such inferences can always be drawn.

We have reviewed the record of trial, the assignment of errors and the government's reply thereto and have concluded that the findings, as modified, and the sentence are

correct in law and fact and that no error materially prejudicial to the substantial rights of the accused was committed.

Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.