**UNITED STATES**

v.

**Airman First Class Brashley O. EVERSTONE, FR 221–70–6292 United States Air Force.**

**ACM 26756.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Feb. 1988.

Decided 23 June 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Major Carole W. Hanson.

Before HODGSON, HOLTE, FORAY, MICHALSKI, LEWIS, BLOMMERS and MURDOCK, Appellate Military Judges, En Banc.

DECISION

HODGSON, Chief Judge:

In *United States v. Bonnet*, 17 M.J. 968 (A.F.C.M.R. 1984), and *United States v.*

*Smith*, 17 M.J. 1089 (A.F.C.M.R. 1984), we held that the failure of the appellant to raise multiplicity for sentence does not waive the issue on appeal. The time has come to reexamine this position.

In the case before us the appellant entered a guilty plea to desertion, absence without leave, fraudulent enlistment, and escape from confinement. For the first time on appeal, the appellant contends that the absence without leave and the escape from confinement allegations are multiplicious for sentencing purposes. *See United States v. Smith, supra.* He asks that his sentence be reassessed.

The multiplicity of offenses for sentencing is a recurring assignment of error before this court and consumes a substantial amount of judicial resources both by appellate counsel and us. Since a claim of sentence multiplicity must be examined in the context of the specific facts at hand, it seems both logical and appropriate that the trial judge be given the first opportunity to rule on this issue. His initial factual determination provides a sound foundation upon which to base an appellate ruling. *See generally United States v. Jones*, 26 M.J. 632 (A.F.C.M.R. 1988); *United States v. Hilton*, 26 M.J. 635 (A.F.C.M.R. 1988).

Our decisions in both *Bonnet* and *Smith* predate R.C.M. 1005(f) which states:

> (f) WAIVER. Failure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error. The military judge may require the party objecting to specify in what respect the instructions were improper. The parties shall be given the opportunity to be heard on any objection outside the presence of the members.

In *United States v. Wheatcraft*, 23 M.J. 687 (A.F.C.M.R. 1986), a panel of this court concluded that R.C.M. 1005(f) required the accused to raise a sentence multiplicity issue prior to sentencing instructions, and that failure to do so waived the issue on appeal. Where the trial is before a judge alone, we interpret R.C.M. 1005(f) as requiring the appellant to request that specifically identified specifications be considered as multiplicious for sentencing. *See also* R.C.M. 905(e).

We realize our decision today conflicts with a precedent of some years standing, and that the doctrine of *stare decisis* is the cornerstone of the appellate process. *United States v. Cheatham*, 18 M.J. 721 (A.F.C.M.R. 1984). However, as Chief Judge Everett observed in *United States v. Carter*, 25 M.J. 471, 473 (C.M.A. 1988), that "...when persuaded by 'the lessons of experience and the force of better reasoning' that a prior decision is in error, [an appellate court should] be willing to reexamine an earlier precedent."

We do so today, and hold that where an appellant fails to raise an issue of sentence multiplicity before the trial judge, the issue is waived in the absence of plain error, which is not present in this trial. To the extent that *Bonnet* and *Smith, supra* conflict with this opinion, they are overruled. The findings of guilty and the sentence are

AFFIRMED.

Senior Judges FORAY and LEWIS, Judges HOLTE, BLOMMERS and MURDOCK concur.

Judge MICHALSKI did not participate.