**UNITED STATES**

v.

**Airman First Class Todd J. NICHOLS, FR 133–58–6353, United States Air Force.**

**ACM S27907.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 8 July 1988.

Decided 31 Jan. 1989.

910

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Mark R. Bell.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Lieutenant Colonel Robert E. Giovagnoni; Major Kathryn I. Taylor; Captain Jeffrey H. Curtis and Major Stephanie E. Pappas, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HOLTE, Judge:

On 4 November 1987, the appellant appeared at the City View Branch of the Texas American Bank, Fort Worth, Texas, and obtained a Texas American Bank credit application form representing himself to be Rick E. Austin. The credit application requested a loan of $2,500.00 and was made in the name of Rick E. Austin. The appellant made the signature of Rick E. Austin on the application and submitted it to bank personnel.

Between 4 November 1987 and 16 November 1987, he made numerous telephone calls to the bank inquiring into the status of the application representing himself to be Rick E. Austin. On 16 November 1987, he received notification from the bank that the $2,500.00 loan request had been approved based on the credit application.

On or about 17 November 1987, the appellant went to the bank and executed a promissory note with Disclosure Statement and Security Agreement by falsely making the signature of Rick E. Austin. The promissory note listed Rick E. Austin as the borrower and was made in the amount of $2,500.00. Upon receiving the $2,500.00 in the form of a cashier's check he deposited the full amount into the account of Rick E. Austin at the bank and immediately withdrew the entire amount from this account by falsely making the signature of Rick E. Austin on a counter check dated 17 November 1987. On this same date he deposited $1,900.00 of this money into his own account.

The above described course of conduct resulted in the appellant being prosecuted for several violations of the Uniform Code of Military Justice before a judge alone general courtmartial. Charge I alleges a violation of Article 123, 10 U.S.C. § 923. Specification 1 of this charge alleges forgery of a $2,500.00 promissory note, specification 2 alleges forgery of a $2,500.00 counter check and specification 3 alleges the false making of a bank credit application. Charge II alleges a violation of Article 121, 10 U.S.C. § 921. Specification 1 alleges larceny of United States Currency of a value of $2,500.00, property of the Texas American Bank. Specification 2 of that Charge was dismissed after arraignment. Charge II alleges a violation of Article 134, 10 U.S.C. § 934 in that the appellant wrongfully possessed the Military Identification card of another. Consistent with his pleas the appellant was found guilty of all charges and specifications.

■ In the first assigned error the appellant argues that specification 3 of Charge I failed to state an offense in that the loan application, which was the subject of the specification, lacked legal efficacy and thus could not be the subject of forgery as a matter of law. The specification in question reads as follows:

Specification 3: In that AIRMAN FIRST CLASS TODD J. NICHOLS, United States Air Force, 7th Avionics Maintenance Squadron, did, at Fort Worth, Texas, on or about 16 November 1987, with intent to defraud, falsely make in its entirety a certain "Texas American Bank/Credit Application," requesting a loan of $2,500.00, dated 4 November 1987, referring to account number 5011196002, purporting to contain pertinent personal and financial information pertaining to Rick E. Austin, and bearing the purported signature of the said Rick E. Austin, which said Texas American Bank/Credit Application would, if genuine, apparently operate to the legal harm of another and which Texas American Bank/Credit Application could be used and was so used to the legal harm of the said bank by inducing the said bank to issue a cash loan to the accused, appli-

cant, thus enabling the accused to fraudulently obtain the funds, monies, and credits of the said bank, secured by the credit of a person who was not a party to the said loan.

The appellant argues that *United States v. Thomas*, 25 M.J. 396 (C.M.A.1988), and *United States v. Strand*, 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955), support his argument that the specification does not allege an offense. We disagree and conclude that these two cases are distinguishable on the instruments alleging the forgery from the case before us. In *Thomas*, the court stated, "Given the facts of this case as ascertained below, we conclude as a matter of law, that the writing was not the type capable of grounding a forgery charge or, by derivation, a charge of uttering a forged document." *Thomas*, 25 M.J. at 396. We conclude from this that cases involving forgery are fact specific and hinge entirely upon the type of instrument that was forged. We agree entirely with the decision in *Thomas* and further conclude, as will be discussed below, that *Strand* supports our position that the specification before us alleges the offense of forgery.

■ It is well established that not every false writing constitutes the offense of forgery and it is necessary that the writing have apparent legal efficacy in order to be the subject of forgery. *United States v. Phillips*, 14 U.S.C.M.A. 620, 34 C.M.R. 400 (1964). Stated another way, the document involved must be a writing that would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice. Article 123, UCMJ; Manual for Courts-Martial (MCM), 1984, paragraphs 48b(1) and (2)(b).

■ The basic question before us is whether, under the facts of this case, the bank credit application was a writing subject to being forged, i.e., having apparent legal efficacy. We conclude that it was. The name used was not that of a fictitious person. Rick E. Austin was a fellow airman and friend of the appellant. The information contained on the application relating to Rick E. Austin was obtained from a

roster in the unit orderly room where the appellant worked. At no time was Rick E. Austin informed as to what was going on. The credit application was the first step in obtaining the loan. The evidence in this case reveals that the basis for granting the loan was the information contained on the application. The pleading sets forth the exact manner in which the application was used and how such application was prejudicial to the legal rights of another. In *United States v. Noel,* 11 U.S.C.M.A. 508, 29 C.M.R. 324 (1960), the accused sought to obtain a loan from the Navy Relief Society, a private organization that collected and loaned funds to needy persons. He went to the Society to obtain a loan of $10.00, was interviewed and it was determined that he was eligible for a loan in the amount requested. The customary form which authorized the treasurer of the Society to advance that sum of money was made out. On the way to the treasurer's office he raised the sum to $70.00. The court, in upholding the forgery conviction, held that when under the ordinary course of business of a loaning institution, a class of individuals is entitled to have money advanced and one of the documents necessary to obtain the loan is altered by the applicant without knowledge of the lender, the relative rights of the parties are changed and a forgery has been effectuated. *United States v. Davis,* 4 M.J. 752 (A.F.C.M.R. 1978).

Applying the lessons learned in the above cited cases we conclude the offense of forgery was committed. It would be illogical to assume that any banking institution would not require persons applying for a loan to complete some form of application, such as this bank did. In fact, there is evidence that the applied for loan was approved based on the information contained in the forged application. When the forged application for the loan was approved the appellant became entitled to a right, which until that time he did not have, i.e., the right to receive the applied for money from the bank. This right, which was fraudulently acquired, was to the detriment of both the bank and Airman Rick E. Austin.

■ The second assigned error is that the appellant's guilty plea to the specification of Charge II and to Charge II was improvident. We disagree. The military judge's plea inquiry was thorough and revealed no reason not to accept the appellant's plea of guilty. The appellant stated that, after discussing his case with his attorney, he concluded it was in his own best interest and the best course of action for him was to plead guilty. He further stated that the guilty plea was voluntary and that he understood the elements of the offense. The stipulation of fact entered into by the appellant expressly states that his intent was to permanently deprive the bank of the money. When the military judge was discussing this stipulation of fact with the appellant he stated that he intended to permanently deprive the bank of the money. Subsequent to lengthy discussion with the military judge regarding the charged offenses and the pleas of guilty he again stated that he desired to proceed on the pleas of guilty.

During the sentencing portion of the trial the appellant elected to make a sworn statement. During direct examination his counsel asked him if he intended to pay the money back, to which he responded that he did. The appellant now alleges that it was this comment that made his guilty plea improvident.

■ The tactical possibility of raising a defense alone is insufficient to require rejection of an otherwise provident plea of guilty. *United States v. Brooks,* 26 M.J. 930 (A.C.M.R.1988). *United States v. Schocken,* 1 M.J. 511 (A.F.C.M.R.1975), clearly establishes that for a plea of guilty to be found improvident requires more than a possibility of conflict between the guilty plea and the accused's statements. There must be some substantial indication of direct conflict between the accused's plea and inconsistent statement(s). *United States v. Baysinger,* 11 M.J. 896 (A.F.C.M.R.1981). Minor inconsistencies not amounting to a negation or disavowal of the essential elements of the offense do not require rejection of guilty pleas. A not guilty plea

is required to be entered only when the matters presented by the accused are truly inconsistent with the proffered guilty plea. *United States v. King,* 6 M.J. 927 (A.F.C. M.R.1979); *United States v. Fullen,* 1 M.J. 853 (A.F.C.M.R.1976). In determining the providency of a guilty plea a Court of Military Review may consider matters contained in the entire record. *United States v. Turner,* 11 M.J. 784 (A.C.M.R.1981).

With these principles to guide us we next examine the evidence of record regarding the issue. The bank became aware of the fraudulent loan when Rick Austin came in to bank with the payment book and declared he had not taken out a loan. It is not disclosed how Austin got the payment book, but we assume that it was mailed to him by the bank. The appellant testified that when he received the loan he noticed that the address was still in Rick Austin's name. He filled out a card giving his correct address and telephone number and concluded by saying "it doesn't sound like I wasn't going to *try* to repay it if I gave my address." (emphasis added). The record does not reveal how the payment book was mailed to Rick Austin if the appellant changed the address. When the fraudulent loan was discovered, a bank official contacted the appellant who stated that he wanted to make restitution, but wanted to talk to his family first. Later a repayment plan was agreed to. This was prepared by the bank, and along with envelopes to be used in sending the monthly payments of $150.00, was sent to the appellant. The repayment agreement was never signed by the appellant or returned to the bank because as he testified "he would be liable again." The record establishes that the appellant was in serious financial difficulties. His total monthly income was $1,200.00 and total monthly expenses amounted to $1,110.00. Rick E. Austin had not consented to his name being used and was unaware that it had been.

The military judge apparently perceived no inconsistency between the appellant's testimony and his responses and discussion during the providency inquiry as he made no attempt to delve further into the matter. Based on the evidence of record we are unpersuaded that the plea of guilty to this offense was improvident. Addressing the evidence most favorable to the appellant we conclude that his desire to repay the bank was predicated on a positive influence on sentence, and not an attempt to temporarily deprive the bank of the use and benefit of the money at the time of the fraud. This is further evidenced by defense counsel's sentencing argument when he stated, "The bank, in fact, is not out anything, in that *they could* be paid back the amount of money that was taken." (emphasis added). This issue is resolved against the appellant.

The final assigned error is that Charge I and its specifications are multiplicious with the specification of Charge II for sentencing purposes. This issue is raised for the first time on appeal. Consequently the issue is waived and will not be reviewed by us. R.C.M. 905(e); *United States v. Everstone,* 26 M.J. 795 (A.F.C.M.R.1988); *United States v. Jackson,* A.C.M. 26525 (A.F.C.M.R. 4 May 1988) (unpublished).

We have examined the record of trial, and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge HODGSON and Senior Judge FORAY concur.