UNITED STATES

v.

**William J. VICTORIAN, Jr., 461 08 8282, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 89 3368.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 21 July 1989.

Decided 26 Sept. 1990.

LCDR Donna M. Crisalli, JAGC, USN, Appellate Defense Counsel.

LT Thomas E. Miro, JAGC, USNR, Appellate Defense Counsel.

LT John J. Mulrooney II, JAGC, USNR, Appellate Government Counsel.

Before E.M. BYRNE, C.J., and J.A. FREYER and R.A. STRICKLAND, JJ.

PER CURIAM:

The appellant was copiously charged with fraudulent enlistment on 1 October 1986 (Charge I and Specification); willful disobedience of the order of a noncommissioned officer (Sergeant Major Oakes) suspending his base driving privileges (Charge II and Specification); failure to obey a lawful order from Sergeant Major Oakes by wrongfully driving on a military installation (Charge III and Specification 1 [sic]); false official statements (Charge IV and Specifications 1 and 2); larceny (Charge V and Specifications 1 and 2); forgery (Charge VI and Specifications 1 through 5); dishonorable failure to pay a just debt and false swearing (Charge VII and Specifications 1 and 2); willful disobedience of the order of a noncommissioned officer (Ser-

geant Major Oakes) suspending his base driving privileges (Additional Charge I and Specification—a modified version of Charge II and its Specification); failure to obey a lawful order from Sergeant Major Oakes by wrongfully driving on a military installation (Additional Charge II and Specification—a modified version of Charge III and its Specification 1 [sic]); and forgery (Additional Charge III and Specifications 1 and 2).

He pled guilty to Charge I and its Specification (fraudulent enlistment—the year of which is misstated in the special court-martial order to be 1989, vice 1986); not guilty to Charges II through V and their Specifications; guilty to Charge VI and (with exceptions) Specification 1 thereof (forgery of a motor vehicle installment sale contract), and not guilty to the remaining specifications of Charge VI; guilty to Charge VII and Specification 2 thereof (false swearing), and not guilty to Specification 1; not guilty to Additional Charge I and its Specification; and guilty to Additional Charges II and III and their Specifications. The findings were in accordance with the pleas. The adjudged sentence, which was approved by the convening authority, provides for reduction to pay grade E–1, confinement for three months, and a bad-conduct discharge.

The appellant perpetrated the fraudulent enlistment by enlisting in the name of his brother. Although his intent in assuming his brother's name was obviously to defraud the Government, there is no indication whatever that the name was assumed to defraud subsequent creditors. When he later purchased an automobile on credit, it was necessary to do so in the name of his brother, since what credit he had by virtue of being an active-duty Marine had been established in the name of his brother, which he had assumed for purposes of his enlistment.

Appellate defense counsel assigned as error that the plea of guilty to fraudulent enlistment (Specification, Charge I) was improvident, because prosecution of that offense was barred by the statute of limitations, and the record failed to indicate that the appellant was aware of the availability of that plea in bar. Appellate government counsel have conceded the error, and we have determined that the concession is appropriate.

■ We specified two issues raising the questions, respectively, whether or not the circumstances surrounding the appellant's making of his brother's signature on the car order (Specification 1, Additional Charge III) and credit application (Specification 2, Additional Charge III) indicated an intent to defraud, and whether or not the traffic court action alleged as a lawful order (Specification, Additional Charge II) was, in fact, an order at all. Meanwhile, the U.S. Court of Military Appeals decided *United States v. Hopwood*, 30 M.J. 146 (C.M.A.1990), and appellate defense counsel then assigned as an additional error that the false signing of a credit application is not forgery. In light of *Hopwood*, the additional assignment of error has merit.

■ We next consider the question of intent to defraud, now solely with reference to Specification 1 of Additional Charge III. In the usual case, a name is an indicium of one's identity. Thus, when a fictitious name is assumed for innocent purposes, forgery is not committed by signing the assumed name as one's own, because, although the name is fictitious, the fictitious name, once assumed, has become an indicium of the signer's true identity. By contrast, says paragraph 48c(3) of the Manual:

> Likewise, a forgery may be committed by a person signing that person's own name to an instrument. For example, when a check payable to the order of a certain person comes into the hands of another of the same name, forgery is committed if, knowing the check to be another's, that person indorses it with that person's own name intending to defraud.

■ Even though the names are the same, the forgery in such a case rests upon a misrepresentation of identity, since names alone are not infallible indicia of identity. The signing of a fictitious name by one who has not assumed that name so

as to associate it with his identity is also a misrepresentation of identity and is also, therefore, a forgery if done with intent to defraud. *See generally* 36 Am.Jur.2d, *Forgery,* § 11.

■ In this case, the appellant initially misrepresented his identity when he enlisted in the U.S. Marine Corps. While he could assume his brother's name, and apparently did so, he could not, thereby or otherwise, assume his brother's identity. The result of his serving in the U.S. Marine Corps under his brother's name, thus, produced a third, composite identity having his brother's pre-enlistment characteristics and his own post-enlistment characteristics. Such identity did not, of course, correspond with any real person and was, therefore, a fictitious identity, yet it was that fictitious identity, not the genuine identity of either the appellant or his brother, which the signature made by the appellant on the car order signified; hence, the signature was, indeed, falsely made. *See Hall v. United States,* 372 F.2d 603 (8th Cir.1967), *cert. denied* 387 U.S. 923, 87 S.Ct. 2040, 18 L.Ed.2d 979 (1967), *reh'g denied* 389 U.S. 891, 88 S.Ct. 22, 19 L.Ed.2d 206 (1967). Moreover, we think that the misrepresentation concerned a material fact, because we do not believe that the automobile dealer would have sold the appellant a car if he had known the true situation, *i.e.,* that the appellant had fraudulently enlisted in the U.S. Marine Corps, using his brother's name, because he had a conviction in Texas for unlawfully carrying a weapon.

■ We turn next to Additional Charge II and its Specification. Sergeant Major Oakes, the noncommissioned officer whose "order" was allegedly disobeyed, was sitting as the camp traffic court judge at the time he rendered the "traffic court action" which is the subject of the charge and specification. After examining and taking judicial notice of the pertinent regulations accompanying or cited in the briefs of counsel, we believe that the "traffic court action" was not an order but merely an adjudication with respect to the appellant's base driving privileges. Such adjudication nullified his base driving privileges but did not,

*ex proprio vigore,* prohibit him from driving on the base. One who violates a state's vehicle and traffic law by driving after one's license has been suspended or revoked is not also in contempt of the court that suspended or revoked the license; similarly, one who fails to perform extra duties after having been awarded extra duties as nonjudicial punishment is in violation of whatever order may be issued pursuant to the nonjudicial punishment to perform the particular extra duties assigned but is not in violation of the nonjudicial punishment itself. Examination of Camp Elmore Order P5560.3C, dated 2 February 1984, which is attached to appellate defense counsel's brief, convinces us that the situation here is analogous. The order which the appellant violated, and which should have been charged, is paragraph 1000.3 (*not* 2000.8) of Camp Elmore Order P5560.3C, dated 2 February 1984, applicable on both Camp Elmore and Camp Allen, which provides in relevant part:

> Anyone whose driving privileges have been suspended or revoked is forbidden to drive a privately owned motor vehicle on Camp....

We have considered appellate government counsel's proposal to treat the discrepancy between the order alleged and the one violated as a non-fatal variance by applying *United States v. Felty,* 12 M.J. 438 (C.M.A.1982), so as to affirm. Where, however, what is alleged as an order is, in reality, not an order at all, the result is that the specification does not allege an offense. *United States v. Hogsett,* 8 U.S.C.M.A. 681, 25 C.M.R. 185 (1958); *United States v. Whitcomb,* 1 M.J. 230 (C.M.A.1975). Although *Felty* does, under limited circumstances, permit affirmance of a finding of guilty of an offense of which the providence inquiry has demonstrated that the accused is not guilty, even *Felty* did not go so far as to permit affirmance of a finding of guilty of a specification which fails to allege an offense. We have considered the possibility of applying *United States v. Watkins,* 21 M.J. 208 (C.M.A.1986), and *United States v. Brecheen,* 27 M.J. 67 (C.M.A.1988), to the present situation, but

834

we interpret those cases as holding that the specifications at issue therein, although defective, were not so defective as to fail to state offenses altogether, thereby leaving the rule requiring dismissal of specifications which do not state offenses intact.

In consonance with the foregoing, the findings of guilty of Charge VI and Specification 1 thereof, Charge VII and Specification 2 thereof, and Additional Charge III and Specification 1 thereof are affirmed; the findings of guilty of Charge I and its Specification, Additional Charge II and its Specification, and Specification 2 of Additional Charge III are set aside, and these charges and specifications are dismissed. Because of the breadth of the corrective action taken, we believe that a primary redetermination of the sentence, vice reassessment, is appropriate. Accordingly, the sentence is set aside; a rehearing on the sentence may be ordered.