**UNITED STATES, Appellee,**

v.

**Specialist William S. IVEY, 408–45–6742, United States Army, Appellant.**

**ACMR 9000434.**

U.S. Army Court of Military Review.

28 Jan. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Pamela J. Dominisse, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC, Captain Kenneth H. Goetzke, Jr., JAGC (on brief).

Before FOREMAN, HAESSIG and GRAY, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial composed of officer and enlisted members convicted the appellant, in accordance with his pleas, of forging a checking account application, conspiracy to commit forgery and larceny, and attempted larceny, in violation of Articles 123, 81, and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 923, 881, and 880 (1982). The approved sentence provides for a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances and reduction to Private E1.

The appellant contends that his plea of guilty to forgery is improvident because a checking account application is not a proper subject of forgery. We disagree and affirm.

█ An essential element of forgery is that the signature or writing be "of a na-

ture which would, if genuine, apparently impose a legal liability on another or change another's legal rights or liabilities to that persons's prejudice." Manual for Courts–Martial, United States, 1984, Part IV, paragraph 48(b)(1). Writings which are preliminary to the creation of legal rights or liabilities are not proper subjects of forgery. *United States v. Hopwood,* 30 M.J. 146 (C.M.A.1990) (credit application); *United States v. Thomas,* 25 M.J. 396 (C.M.A. 1988) (commander's letter used as credit reference form). On the other hand, writings which create a contractual obligation are proper subjects of forgery. *United States v. Hopwood,* 30 M.J. at 147 n. 2 (installment sales contract); *United States v. Victorian,* 31 M.J. 830 (N.M.C.M.R.1990) (motor vehicle installment contract); *United States v. Nichols,* 27 M.J. 909 (A.F.C.M. R.1989) (loan application).

 An application for a checking account, when accepted by the bank, creates a contract, conferring rights and imposing obligations on both the bank and the depositor. The bank is obliged to pay checks drawn on the account, perform certain bookkeeping functions, and provide blank checks, the means used in this case to commit the other offenses. The depositor is obliged to pay service charges and reimburse the bank for overdrafts. *See generally* 10 Am.Jur.2d *Banks* §§ 493, 494, 540 (1963). Accordingly, we hold that an application for a checking account is a proper subject of forgery.

Because the appellant pleaded guilty, the actual writing is not a part of the record. Nevertheless, the stipulation of fact and the appellant's responses during the plea inquiry establish that the appellant and his co-conspirators opened a fraudulent checking account as part of an elaborate scheme to acquire items of value by writing checks on the fraudulently established checking account. We are satisfied that there is a sufficient factual predicate for the plea of guilty to forgery and nothing inconsistent with the plea. Accordingly, we hold that the plea of guilty to forgery is provident.

We have considered the issues personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and find that they are without merit.

On consideration of the entire record, we hold that the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge GRAY concur.